JOHN DOYLE *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

November 22, 1889.

**Evidence—Declarations of Agent.**—The plaintiff, an employe of a railroad company, having been injured while coupling cars, an agent sent by the company to obtain from the plaintiff a statement of the circumstances of the accident is not authorized by such agency to bind the company by his own declarations as to such circumstances. Proof of such declarations would be mere hearsay evidence.

**Railway—Negligence—Evidence of General Custom.**—The issue being as to whether the conduct of a railroad company not obviously dangerous and culpable (the use of partially worn rails for side tracks at a railway station) is negligence, proof may be made that the conduct in question is in accordance with the general custom of others (railroad companies) under like circumstances.

**Same—Evidence that a like Accident had been before Unknown.**—The question being whether the plaintiff's foot was caught by a splinter on the inside of a railroad track or rail, and as to whether the defendant is chargeable with negligence therefor, danger from such cause not being self-evident, it is competent for the defendant to show by experienced witnesess that such accidents have been unknown.

**Same—Defective Rail—Notice to Company.**—Liability for an accident from such a cause is not established, unless it is shown that the defendant had notice of the defect, or that in the exercise of reasonable care the defendant should have known it, or should have apprehended it, and that it was dangerous.

**Same—Evidence Insufficient.**—Evidence considered as not justifying the conclusion that the defendant should have apprehended danger from such a cause.

**Master and Servant—Risks Assumed.**—A servant who knows the condition of the appliances or place in connection with which he is employed, or who in the exercise of ordinary observation ought to have known, and who knows, or ought to have known, the danger to which he may be thereby exposed, is to be deemed, in general, to have taken upon himself the risk.

**Same—Negligence not Causing the Injury.**—The plaintiff claiming to have been injured (run over) by reason of having his foot caught by a

splinter in the rail while coupling cars, and complaining also that the freight on one of the cars (railroad iron) had been negligently suffered to project over the end of the car, *held*, that a recovery could not be had for the latter cause, the plaintiff not having been injured thereby.

Appeal by defendant from an order of the district court for Kandiyohi county, *C. L. Brown*, J., presiding, (acting for the judge of the 12th district,) refusing a new trial after a verdict of $7,573 for plaintiff.

*M. D. Grover* and *J. W. Mason*, for appellant.

*Benton, Plumley & Healy*, for respondent.

DICKINSON, J. This action is for the recovery of damages for a personal injury suffered by the plaintiff while engaged in the discharge of his duty as a switchman in the defendant's service at one of its railroad stations. The accident occurred in connection with an attempt by the plaintiff to couple a slowly-moving platform or coal-car to a caboose or box-car on a side track within the depot grounds. The coal-car was loaded with steel rails, which, in the course of transportation, and from the motion and shocks to which cars are ordinarily subjected, had so changed their proper position as to project beyond the end of the car. This was known to the plaintiff when he undertook to make the coupling. It is a common occurrence in the transportation of such freight, as appears from the evidence. As the cars came together the projecting rails so covered the draw-head of the box-car that the plaintiff was unable to insert the coupling pin into its proper place, so as to make the coupling. The plaintiff was in a stooping posture, to avoid being caught between the ends of the projecting rails and the box-car. Being unable to effect the coupling, he attempted to get out from between the cars. In doing so, his foot, as the evidence discloses, was caught on the inside of the rail, and held fast, so that he could not extricate it, and the moving car ran over the leg. The theory of the plaintiff is that his foot was caught by a projecting sliver or splinter of iron from the inside of the rail, and one of the principal grounds of negligence alleged in the complaint was that the defendant had placed a worn-out and splintered rail in this side track, and had allowed the same to remain there. This was an important issue in the case; for, while there was

no direct evidence of the existence of a splinter in the rail at the place of the accident, there was evidence that something inside the rail caught the plaintiff's foot and held it fast; that this side track was composed of iron (not steel) rails, somewhat worn; that such rails do become splintered from use, although steel rails do not; and that this side track was observed, some time after the accident, to be splintered inside the rails.   On the other hand, there was evidence on the part of the defendant that splinters could not remain on the inside of the rail, for the reason that they would be cut off or pressed down by the flanges of the wheels, and that the inside of a rail wears smooth.

A few days after the accident the yard-master at this station, one Krukenberger, acting in behalf of the defendant, as may be assumed, obtained from the plaintiff a statement of the circumstances of the occurrence.   A person who was present when this statement was received was called as a witness for the plaintiff, and allowed to testify that Krukenberger then stated that "the rail was splintered." This was erroneous evidence, bearing upon a material issue in the case.   It was not shown that as yard-master Krukenberger's duties pertained to the condition or repair of the road-bed or tracks in the yard, and it was afterwards shown, indeed, that they did not.   The fact that Krukenberger may have been authorized by the defendant merely to go to the plaintiff, and obtain from him a statement of the facts attending the injury, he thus being the defendant's agent for that purpose, did not render competent as evidence any statement or admission concerning the matter here in issue which Krukenberger may have then made.   That was no part of his agency, and had no necessary or proper relation to the business committed to him to do.   It should not have been received as an admission of a fact binding the defendant.   The evidence, as bearing upon the fact in issue, was mere hearsay.

It appearing that the defendant had taken partially worn rails from its main track, and put them in the side tracks at this station, the defendant offered to prove that this was a general and universal custom of other railroads throughout the northwest.   The proof was excluded.   This evidence was admissible to rebut an inference

of negligence, in view of the nature of the subject to which it related. *Kolsti* v. *Minn. & St. Louis Ry. Co.*, 32 Minn. 133, (19 N. W. Rep. 655.) From such a use of old rails the conclusion of negligence does not follow as a matter of course. Whether it should be regarded as negligence was so doubtful, and the subject was so far removed from the common knowledge and experience of the jury, that the defendant was entitled to show that its conduct in this respect was in accordance with that of all others engaged in the same business. That would be proper for the consideration of the jury, in determining whether the defendant had exercised such care as ordinarily prudent men are accustomed to exercise under like circumstances.

A question somewhat akin to this is presented upon the refusal of the court to receive the testimony of a witness for the defendant, who had had 23 years' experience in railroad operation, and by whom it was proposed to show that he never heard of an injury to a railroad employe from a sliver projecting from the inside of a rail. In *Phelps* v. *City of Mankato*, 23 Minn. 276, 279; *Kelly* v. *Southern Minn. Ry. Co.*, 28 Minn. 98, (9 N. W. Rep. 588;) and *Morse* v. *Minn. & St. Louis Ry. Co.*, 30 Minn. 465, (16 N. W. Rep. 358,) it was held that evidence was admissible showing that other accidents had occurred from the same defect or negligent cause complained of. Such evidence should probably only be received where there is doubt as to the existence of the defect complained of, or where the dangerous character or nature of the thing complained of would not be obvious as a matter of common knowledge and experience. If such evidence is admissible to show that what is complained of was of a dangerous character, it must be that evidence would be admissible on the other side to show that in a long and constant use of such instrumentalities accidents had been unknown. That would be a proper means of showing that a thing which was not obviously dangerous was not in fact so. We think that the evidence should have been received. In this connection, however, we will add that, even in the absence of such evidence, we are of the opinion that unless upon another trial there shall be other evidence, going to charge the defendant with negligence, a recovery cannot be sustained. Upon the case here presented

it would seem that an injury from such an extraordinary cause as a splinter, such as could have remained projecting from the inside of a track along which the flanges of the wheels run, was not to have been anticipated by the defendant as likely to occur, and hence the failure to guard against it would not be negligence. ˙For the reasons already assigned, a new trial must be allowed.

Some other questions are presented, based upon the charge of the court, and upon its refusal to charge as requested, to which, in view of another trial, we should refer, although we may do so in general terms, and without calling attention to the particular form of the charge as given or of the requests refused. It is necessary to a recovery for the defect in the rail that the defendant be shown to have had notice of the defect, or that in the exercise of reasonable care it should have known it, or should have apprehended that such or like defects might occur, and that they would be dangerous. If the plaintiff knew, or by the use of ordinary observation and care ought to have known, that the defendant's side-tracks at this station were composed of rails so worn and splintered as to be dangerous, he would be deemed to have assumed the risk incident thereto, if he also knew and appreciated (or ought to have done so) the nature and extent of the danger. *Wuotilla* v. *Duluth Lumber Co.*, 37 Minn, 153, (33 N. W. Rep. 551,) and cases cited; *Wilson* v. *Winona & St. Peter R. Co.*, 37 Minn. 326, (33 N. W. Rep. 908,) and cases cited; *Hughes* v. *Winona & St. Peter R. Co.*, 27 Minn. 137, (6 N. W. Rep. 553.)

Adverting briefly to the subject of the projecting rails on the car, to which much attention was given both in the court below and in the argument of this appeal, it may be assumed, in the present aspect of the case, that the defendant was negligent in putting this car into the train at Willmar, without embracing the opportunity, afforded by the necessary detention of the car there for repairs, to readjust the rails. Still for that cause a recovery could not be had, under the case as now presented, for the plaintiff knew the facts in that regard. Such displacement of such freight appears to be a common occurrence, naturally resulting in the course of transportation, and we see no reason to doubt that he must be deemed to have taken upon himself the risk, so far as the danger from that cause was obvious. How-

ever that may be, he was not injured by the projecting rails. We perceive no such proximate relation between the projecting rails, of which the plaintiff had notice, and the peculiar accident from a splinter in the track, as would justify a recovery based upon the alleged negligence in respect to the projecting rails. In the present aspect of the case it would seem that if a recovery can be sustained it can only be upon a finding of negligence in respect to the splinter in the rail, and that the injury proceeded from that cause. Nevertheless the fact as to the projecting rails may be not without importance, as an incidental circumstance explaining and justifying the posture and movements of the plaintiff in his attempt to couple the cars.

Order reversed.