ANNA C. BENGTSON, Administratrix, *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

December 12, 1891.

Railway—Sectionman Killed by Locomotive—Failure to Ring Bell.
    Evidence *held* not to show that the whistle was not sounded or that the bell was not rung on the approach of an engine which ran over and killed a sectionman working on the track.

Same—What Risks are Assumed by Servant.—Application of the rule that a servant assumes the risks of his employment, including those caused by the master's negligent manner of conducting the business, if he knew them, or they are obvious to one of ordinary understanding.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried by *Wilkin,* J., a verdict of $1,000 rendered for plaintiff, and a motion for a new trial denied.

*J. H. Howe* and *S. L. Perrin,* for appellant.

*G. J. Lomen,* for respondent.

GILFILLAN, C. J.    Action for negligently causing the death of plaintiff's intestate. Deceased was working for defendant as a sectionman in its yard within the city of St. Paul. At the time of the injury of which he died he was at work upon one of the tracks, when an engine and tender of defendant, with some cars attached, came along the track. He endeavored to get out of the way by going to one side and stepping over three piles or logs, about thirty feet long and from one to two feet in diameter, lying side by side, parallel with the track, and directly opposite the spot where he was at work, the nearest about three feet from it. When he came to the piles he

appears to have stumbled and fallen in such a way that his legs extended across the nearest rail, and the engine and tender passed over them. The negligence on the part of defendant consisted, as alleged, in running the engine and tender at a dangerous rate of speed, to wit, at a speed of more than four miles an hour; in not giving due and timely notice to deceased by sounding the whistle or ringing the bell, or otherwise, of the approach of the engine and tender; and by permitting the piles or logs to remain so near the track as to obstruct and interfere with his escape on that side from the track.

The evidence as to the sounding the whistle and ringing the bell was such that the jury could not reasonably find that the one was not sounded or the other was not rung in time. It is clearly evident that he heard the warning in time to escape, had it not been for his unfortunate stumble, when he attempted to step over or upon the piles. The proof of negligence in that particular failed.

The only attempt to prove that the engine was running at a dangerous rate of speed was by introducing an ordinance of the city prohibiting the running of railroad trains within the limits of the city at a greater rate of speed than four miles per hour. It may be doubted that the ordinance was intended to be operative, or could be sustained as operative, within the yard of a railroad company, upon its own private property, within or over which the general public have no right of passage, as it has along or over a public street. Be this as it may, and conceding that proof that the engine and tender were running at a greater rate of speed than that allowed by the ordinance was evidence of negligence on the part of defendant, yet, if running trains in the yard at a greater rate of speed than four miles an hour was the defendant's mode of transacting its business, and that and the risks to which it subjected him were known to deceased while in its employment, he assumed the risks. While it is the duty of a master towards his servant to use proper care to conduct his business in a safe manner, yet, if his mode of doing the business is such as to subject the servant to risk of injury, the latter, by continuing in the employment with knowledge of the dangers, takes upon himself the risk. *Hughes* v. *Winona & St. Peter R. Co.,* 27 Minn. 137, (6 N. W. Rep. 553;) *Fleming* v. *St. Paul & Duluth R.*

*Co.*, 27 Minn. 111, (6 N. W. Rep. 448;) *Sherman* v. *Chicago, Mil. & St. Paul Ry. Co.*, 34 Minn. 259, (25 N. W. Rep. 593.) In this case the evidence was full and not contradicted that the rate at which the engine and tender were running at the time of the injury (six or seven miles an hour) was the usual and ordinary rate for running trains and engines in the yard. The deceased had worked in the yard as a sectionman at least 15 months, and must be taken to have known that such was the rate at which trains and engines were usually run in the yard. The increased risk to those working on the tracks, from the higher rate of speed, is obvious to any one.

The jury could certainly find from the evidence that permitting the piles or logs to lie along and so near the track was negligence. But the deceased must be held to have taken on himself the risk to which their being there exposed him. It is impossible to suppose he did not know they were there. He was working within three feet of them, and had been at work near them two hours. The danger caused by their presence to one on the track opposite them was that they would be in his way when it might become necessary hurriedly to leave the track to escape an approaching train or engine, and that they might prevent his getting away in time, or cause him to stumble, and perhaps fall back upon the track, in an attempt to get away. To appreciate that danger required no skill or expert knowledge. It was as obvious to one man of ordinary common sense as to another. True, it might not always be in the mind of one working on the track at that place. He might, in the hurry of the moment, and perhaps temporary confusion of mind caused by the necessity of at once getting out of the way, forget the danger from the piles or logs; but that was one of the things the risk of which he had assumed. It would probably be different where the necessity for immediate action and the consequent natural confusion of mind were brought about by some negligent act of the defendant, the risk of which he had not assumed, —as if the signal he had a right to rely on had not been given, or the engine had approached at a rate of speed greater than he had reason to anticipate. No such consideration enters into this case. The deceased had assumed any risk from engines approaching at the rate of six or seven miles an hour. It was his duty to anticipate that

they might approach at that rate. The signals he had a right to expect had been given. The danger that he might forget the piles were there, or become confused, upon the approach of an engine in that way, was one incident to his employment, and the risk of which he had assumed.

Judgment reversed.

NOTE. A motion for a reargument of this case was denied January 7, 1892.