LITTLE ROCK & M. R. CO. v. MOSELEY.

(Circuit Court of Appeals, Eighth Circuit. July 10, 1893.)

No. 232.

1. APPEAL—REVIEW—WAIVER OF ERRORS.

A party who has requested an instruction which assumes that there is some evidence as to a certain matter cannot allege error in the giving of another instruction, relating to the same matter, on the ground that there was no evidence in relation thereto.

2. MASTER AND SERVANT—RISKS OF EMPLOYMENT — SWITCHMAN NOT CHARGED WITH KNOWLEDGE OF DEFECTIVE TRACKS.

In an action for personal injuries suffered by plaintiff, a switchman, while coupling cars, the failure of defendant to keep the spaces between the ends of the ties properly filled was alleged as a cause of the injury. Plaintiff had been working five nights before the accident as night switchman in the yard where it occurred, which was a mile long and half a mile wide, and he testified that he did not know the condition of the track at the place of the accident. *Held,* that an instruction that plaintiff could not recover if he began or continued work with knowledge of the defect, and that he was bound to take notice of apparent defects, was sufficient, without a further charge that before taking service in the yard he was bound to inform himself of the condition of all the tracks. Plaintiff was not bound to examine all the tracks to see whether he could safely walk on them.

3. SAME — SAFE APPLIANCES — RAILWAY COMPANY RESPONSIBLE FOR NEGLECT OF CAR INSPECTORS.

A railway company is responsible to a switchman in its service, who is injured by the breaking of a defective coupling link, for the negligence of its car inspectors, in failing to discover and remedy the defect in the link. Railroad Co. v. Herbert, 6 Sup. Ct. Rep. 590, 116 U. S. 642, 652, and Railroad Co. v. Baugh, 13 Sup. Ct. Rep. 914, 149 U. S. 368, followed.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

At Law. Action by H. W. Moseley against the Little Rock & Memphis Railroad Company for personal injuries suffered by plaintiff while in defendant's service. Judgment was given for plaintiff. Defendant brings error. Affirmed.

U. M. Rose, (W. E. Hemingway and G. B. Rose, on the brief,) for plaintiff in error.

Geo. H. Sanders and Sterling R. Cockrill, for defendant in error.

Before SANBORN, Circuit Judge, and SHIRAS and THAYER, District Judges.

THAYER, District Judge. This is a suit for personal injuries which were sustained by the defendant in error while attempting to couple cars at Hopefield, Ark., on the line of the Little Rock & Memphis Railroad Company. The defendant in error was a switchman in the employ of the last-mentioned company. The accident occurred on October 18, 1891, before daylight, in the switch yards at Hopefield, while the defendant in error was helping to make up a freight train that was about to leave that station. Among other things, the complaint alleged, in substance, that the injury complained of was due to the fact that the railway company failed

to provide a suitable roadbed, grounds, and switch yard where the switching was required to be done, and that it also failed to provide suitable coupling links wherewith to do the coupling, and that it neglected to properly inspect the coupling links that were in use on its cars, and keep them in a safe and proper condition to be used.

On the trial in the circuit court the defendant in error, who was the plaintiff below, recovered a verdict for $4,000. The evidence showed that, as he was attempting to make a coupling on the occasion in question, the coupling link broke, and a large piece thereof was thrown against plaintiff's right leg, and broke it in two places.

It is assigned for error that the circuit court improperly gave an instruction, to the effect that in employing switchmen to couple and uncouple cars a railway company undertakes "to provide and keep a reasonably safe and suitable roadbed, grounds," etc. The chief objection urged against this instruction is that the evidence showed that the condition of the roadbed and grounds, had nothing whatever to do with the injury complained of, and that the instruction was misleading, because it assumed that the condition of the roadbed may have contributed to the accident. This objection is not tenable, for the following reasons: The defendant company did not request the court to charge the jury that there was no evidence tending to show that the condition of the track contributed to the injury. On the contrary, it assumed that there was some evidence of that character, by requesting the court to give the following instruction, which appears to have been given at its request:

"If you find that the spaces between the cross-ties had not been filled with earth, you will inquire whether that fact had anything to do with the accident. If it did not, if the accident is one that might as well have happened upon a track thoroughly ballasted as on the track in question, then you will dismiss the fact from your minds, in arriving at a conclusion."

A party will not be heard to complain of an error which was committed at his instance, or to criticise an instruction of a trial court because it took a view of the law or the testimony which the party himself entertained, as shown by his requests for instructions. Walton v. Railway Co., (8th Circuit,) 12 U. S. App. 511, 6 C. C. A. 223, 56 Fed. Rep. 1006, and citations. And where the evidence is such as to warrant a request for a peremptory instruction to find for the defendant on a given issue, that arises under the pleadings, a failure to ask for such an instruction will preclude the party from assigning as error that the court allowed such issue to be determined by the jury. Insurance Co. v. Unsell, 144 U. S. 439, 451, 12 Sup. Ct. Rep. 671. In view of these rules of law, it is manifest that the plaintiff in error is in no position to complain because the circuit court instructed the jury relative to the duty of the railway company in taking care of the tracks and grounds within its switch yard.

It is further assigned for error that the trial court refused to give the following instruction:

"A railroad employe is presumed to know of such dangers and risks as he has an opportunity to know of, and unless he informs himself of them he cannot recover for resulting injuries. It was therefore the duty of the plaintiff to inform himself of the condition of the track when he went to work, and the character of the work he had to do, and he cannot recover for injuries which he might have avoided, had he properly informed himself."

While the court refused the foregoing instruction, yet it charged the jury, in substance, as follows: That if the plaintiff knew that the track was in a bad condition, in the respects complained of by him, and yet went to work, or continued at work, with such knowledge, he could not recover because of the bad condition of the track; that if the plaintiff saw that the roadbed was unsafe he should have refused to work until it was made safe; and that if a switchman goes into the service of a railroad company at a place where it is apparent that the spaces between the cross-ties had not been filled up, and he is injured in consequence of such defect, he cannot recover.

We think that the directions actually given by the trial court sufficiently covered the case, and that the instruction above quoted was properly refused. It is true that the defect in the track and roadbed, within the switch yard, which was complained of, to wit, a want of filling between the ends of the ties, was an obvious defect, which a switchman could not fail to discover by walking over the track in the daylight, if he used his eyes, but the main controversy at the trial was whether the plaintiff had actually observed, or had had an opportunity to observe, the condition of the track, at the particular place where the accident took place, prior to its occurrence. He had been working as night switchman in the yard for five nights prior to the accident. The yard was said to be a mile and a half long and one-half a mile wide. There were seven tracks, besides the switch tracks connecting them, and the track on which the accident happened was one of the outer tracks. The plaintiff testified that he did not know the condition of the track where the accident happened, prior to its occurrence. Under these circumstances, we think the trial court went quite far enough, in instructing the jury that the plaintiff could not recover because of the alleged defect in the track, if he went to work, or continued at work, with knowledge of its condition, and in further instructing them, in substance, that he was bound to take notice of apparent defects. This left the jury at liberty to determine, and it was properly a question for them to determine, whether, under all of the circumstances, the plaintiff did have knowledge of the alleged defect in the track at the place where he was injured, and before he was injured. The instruction which was asked and refused seems to imply that, before taking service in the switch yard, it was the plaintiff's duty to examine all of the tracks in the yard where he might have occasion to work, to ascertain if he could walk along them in safety, and that if he failed to do so he could not recover by reason of any defects therein. We think that no such duty of inspection prior to taking service, or during his term of service, was devolved upon the plaintiff. He

was simply bound to notice those obvious defects in the tracks, or in other appliances, which he had an opportunity to notice in the discharge of his duties as a switchman, and he is only affected with knowledge of such obvious defects as he is shown to have had an opportunity to notice before the injury complained of was sustained. Railway Co. v. Leverett, 48 Ark. 333, 347, 3 S. W. Rep. 50; Hughes v. Railway Co., 27 Minn. 137, 6 N. W. Rep. 553; Railroad Co. v. Gildersleeve, 33 Mich. 133; Wood, Mast. & Serv. (2d Ed.) § 376.

Another error assigned is the refusal of the circuit court to charge that the plaintiff and the car inspectors employed by the defendant company were fellow servants, and that the plaintiff could not recover if his injuries were occasioned by the negligence of the car inspectors, in failing to properly inspect the coupling link which occasioned the injury. The authorities cited in support of this assignment are as follows: Mackin v. Railroad Co., 135 Mass. 201; Keith v. Northampton Co., 140 Mass. 175, 180, 3 N. E. Rep. 28; Byrnes v. Railroad Co., 113 N. Y. 251, 21 N. E. Rep. 50; Railroad Co. v. Hughes, 119 Pa. St. 301, 314, 13 Atl. Rep. 286; Wonder v. Railroad Co., 32 Md. 411, 418; Railroad Co. v. Webb, 12 Ohio St. 475; Railway Co. v. Gaines, 46 Ark. 555, 568; Smith v. Potter, 46 Mich. 258, 9 N. W. Rep. 273; Smoot v. Railway Co., 67 Ala. 13. It is not to be denied that most of these authorities fully support the doctrine contended for; but on the other hand, in the case of Railroad Co. v. Herbert, 116 U. S. 642, 652, 6 Sup. Ct. Rep. 590, it was held that as an obligation rests on the master to furnish suitable machinery, and to keep the same in repair, he is responsible for the negligence of those persons in his service on whom he has devolved the duty of inspecting machinery and appliances, and seeing that they are kept in a proper condition for use. The same doctrine is maintained by some of the state courts. Fay v. Railway Co., 30 Minn. 231, 15 N. W. Rep. 241; Condon v. Railway Co., 78 Mo. 567; Brann v. Railroad Co., 53 Iowa, 595, 6 N. W. Rep. 5; Railway Co. v. Dwyer, 36 Kan. 58, 12 Pac. Rep. 352; Railroad Co. v. Jackson, 55 Ill. 492; Long v. Railroad Co., 65 Mo. 225. It was also foreshadowed, if not distinctly announced, in the leading case of Hough v. Railroad Co., 100 U. S. 213, and has been adopted by some of the circuit courts. King v. Railroad Co., 14 Fed. Rep. 277; Carpenter v. Railroad Co., 39 Fed. Rep. 315. With respect to the question under consideration, it is only necessary to further remark that we deem it our duty to follow the federal adjudications, (Railroad Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. Rep. 914;) and, holding that view, it must be ruled that the trial court committed no error in refusing to charge as above explained.

Two other errors have been assigned, which we have examined, and found untenable. They are not of sufficient importance to deserve special notice.

As no material error is disclosed by the record, the judgment of the circuit court must be affirmed.