BERTHA SCHULZ *vs.* CHICAGO, MILWAUKEE & ST. PAUL RY. CO.

Submitted on briefs April 30, 1894. Reversed May 14, 1894.

No. 8697.

**The questions of negligence should have been submitted to the jury.**

Where a section man, working on or dangerously near to the railroad track, is unaware of an approaching train, and by reason of peculiar or exceptional circumstances is not likely to discover it in time to save himself from injury, and this should be apparent to the persons managing the train if they were using reasonable care: *Held*, in such a case, it is the duty of such persons to give such section man reasonable warning of the approach of the train. *Held*, further, it was a question for the

jury whether, in this case, the facts and circumstances above recited were established by the evidence, and it was error to refuse to submit the case to the jury. *Held*, further, that under the evidence in this case, assuming that the trains were run at a high or dangerous rate of speed, the section man assumed that risk, but not the risk of the engineer neglecting to give the signal or warning that the exceptional circumstances required him to give.

Appeal by plaintiff, Bertha Schulz, as administratrix of the estate of Julius Schulz, deceased, from an order of the District Court of Ramsey County, *Chas. D. Kerr*, J., made July 6, 1893, denying her motion for a new trial.

On June 19, 1891, Julius Schulz was at work as a section man for the defendant, Chicago Milwaukee and St. Paul Railway Company near Highwood Station in St. Paul and was struck by a train under the circumstances stated in the opinion. He died and plaintiff was on January 9, 1893, appointed administratrix of his estate, and brought this action under 1878 G. S. ch. 77, § 2. At the trial on May 26, 1893, after plaintiff's evidence was all in, the defendant asked for a dismissal of the action on the ground that there is no evidence tending to show that defendant was negligent in the premises, that the accident was within the risks assumed by the servant, and that the servant was himself guilty of contributory negligence. The court granted the motion; plaintiff excepted, moved for a new trial and being denied appeals.

*A. T. Faber* and *Lewis E. Jones*, for appellant, cited *Goodfellow* v. *Boston H. & E. R. Co.*, 106 Mass. 461; *Barton* v. *New York Cent. & H. R. R. Co.*, 56 N. Y. 660; *Crowley* v. *Burlington, C. R. & N. R. Co.*, 65 Ia. 658; *Cordell* v. *New York Cent. & H. R. R. Co.*, 65 N. Y. 535; *Erickson* v. *St. Paul & D. R. Co.*, 41 Minn. 500; *Evison* v. *Chicago, St. P., M. & O. Ry. Co.*, 45 Minn. 370.

*F. W. Root* and *W. H. Norris*, for respondent, cited *Aerkfetz* v. *Humphreys*, 145 U. S. 418; *Connelly* v. *Minneapolis Eastern Ry. Co.*, 38 Minn. 80; *Bengtson* v. *Chicago, St. P., M. & O. Ry. Co.*, 47 Minn. 486.

CANTY, J. Plaintiff's intestate was in the employ of defendant as a section man on its railroad. At the time of the injury in

question he was at work cutting weeds with a shovel along the side of its track within the corporate limits in the southern part of the city of St. Paul. He cut a space about six feet wide along outside of the rail, and stood in the middle of this space as he worked, in a stooping position, with his back to the approaching train of defendant, turning partly to one side and then to the other as he proceeded. Running parallel with this track, and about 100 feet away from it, was the track of another railroad company, on which a train was at the time approaching from the opposite direction. About the time the last car of this train passed by him, and as he turned partly towards the track of defendant on the side of which he was at work, the train approaching from behind him struck him on the side of the head, knocked him down, and from the injuries received he died shortly afterwards. The section man who worked across the track directly opposite him, and the other men who worked with him, testified that they heard no sounding of the whistle or ringing of the bell or other warning of the approach of defendant's train, and it is fairly to be inferred from the evidence that deceased continued his work, and was wholly unaware of the approach of this train until struck by it as he turned towards the track in a stooping position, in the act of cutting weeds. At the close of plaintiff's testimony the court dismissed the action, and, from an order denying a motion for a new trial, plaintiff appeals.

We are of the opinion that the court below erred in taking the case from the jury. True, it is a general rule that section men assume the risk of being injured by approaching trains, that it is not under ordinary circumstances customary to give them notice or warning of the approach of trains, and that they must ordinarily look out for themselves; still there are exceptions. The track on which this train was approaching was straight for about 1,800 feet, and the deceased could be seen for that distance before the train reached him. It was a question for the jury whether the persons managing the train, if they had been exercising proper care, would not have discovered that deceased was unaware of its approach; that the noise made by the other train approaching from in front of him prevented him from hearing this train approaching from behind him, and that he was in a perilous position, which made it

v.57m.—18

their duty to give him some proper signal to warn him of its approach. *Erickson* v. *St. Paul & Duluth R. Co.*, 41 Minn. 500, (43 N. W. 332.) The evidence tended to prove that no such signal was given. His contributory negligence, under the circumstances, is also a question for the jury.

Plaintiff gave in evidence an ordinance of the city of St. Paul prohibiting the running of trains within the city limits at a greater rate of speed than four miles per hour. While there was evidence tending to prove that the train ran at the rate of thirty or forty miles per hour, it also appeared by the evidence that this part of the city was sparsely settled, and there was no street crossing the track for about two miles. The ordinance was unreasonable and void as between the railroad company and the general public. *Evison* v. *Chicago, St. P., M. & O. Ry. Co.*, 45 Minn. 370, (48 N. W. 6.) Whether such an ordinance has any application at all as between the company and a section man as to what is a negligent rate of speed, *Bengtson* v. *Chicago, St. P., M. & O. Ry. Co.*, 47 Minn. 486, (50 N. W. 531) it is not necessary to determine. It appeared by the evidence that the defendant usually ran its trains at this place at this high rate of speed, which the deceased must necessarily have known, and hence he assumed the risk.

The other assignments of error are without merit.

The order appealed from is reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 192.)