JACOB ANDERSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 16, 1905.

Nos. 14,318—(117).

**Assumption of Risk.**

> An employee of a railway company, who, without knowledge or oppor-
> tunity for learning that the capacity of a hand car was limited to six men,
> is thrown from that car because of its overcrowded condition, when carry-
> ing ten men, does not, as a matter of law, assume the risk.

Appeal by defendant from an order of the district court for Ramsey county, Orr, J., overruling a general demurrer to the complaint. Affirmed.

*M. L. Countryman* and *J. A. Murphy,* for appellant.

*W. E. Dodge, M. H. McMahon,* and *John R. Heino,* for respondent.

JAGGARD, J.

The plaintiff and respondent in this case brought an action against the defendant and appellant to recover for personal injuries. The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. From an order overruling the demurrer, the defendant appealed.

The first ground of negligence in the complaint sets forth that the defendant negligently ordered ten of its sectionmen, including this plaintiff, to get upon a hand car with a capacity of carrying not to exceed six men at a time, and that, because of this crowding, the plaintiff was thrown from the car and injured.

The defendant contends that this complaint shows that the plaintiff —a full-grown man, working as a sectionman at this time and place for a long time—assumed the risk of the overcrowded condition of the car, in accordance with the familiar rules of law on the assumption of apparent risks. The danger, the contention is, was as obvious to one man of common sense as another; the plaintiff might forget the danger, but that was one of the things, the risk of which he assumed. Bengston v. Chicago, St. P., M. & O. Ry. Co., 47 Minn. 486, 50 N. W. 531.

[1] Reported in 103 N. W. 1021.

More specifically, the appellant relies on the case of Bradshaw v. Louisville (Ky.) 21 S. W. 346. In that case, after trial by jury, the court said: "But the alleged gravamen of the appellee's negligence consists in the facts that the car was overcrowded with the hands in the employment of the appellee, which caused the intestate to fall overboard when his hand slipped, instead of on the platform of the car, thereby losing his life. Now, it is not alleged that the intestate did not know that the car was overcrowded, nor is there any inference to be drawn to that effect. On the contrary, the inference is that, if such was the fact, he could and did see it and knew it. Such being the case it was his right and duty to refuse to obey the orders of the section boss in that regard, but he elected to obey. He took the risk of the overcrowded condition of the car, and the appellee is not responsible for any injury to him caused thereby. The judgment sustaining the demurrer and dismissing the action is affirmed."

In the case at bar, however, it is expressly alleged

> That the plaintiff had no knowledge of the capacity of said hand car, and had prior to said time no opportunity for knowing its capacity.

It could not reasonably be held upon this demurrer, admitting this fact as to the absence of knowledge and of opportunity for knowledge to be true, that the plaintiff, as a matter of law, assumed the risk. This conclusion renders it unnecessary to consider the other allegations of negligence set forth in the pleading.

Order appealed from is affirmed.