GEORGE W. JOLLY v. THE DETROIT, LANSING & NORTH-ERN RAILROAD COMPANY.

*Master and servant—Railroad companies—Contributory negligence
—Assumption of risk—Rules of company.*

A section foreman was provided with a hand-car for the purpose of inspecting his section of the road. It was the custom, when going through cuts, for part of the section men on the hand-car to

face one way, and part the other, thus enabling them to watch for trains in each direction, and to stop in time to remove the car, and avoid danger. Time cards of regular trains were furnished, with rules printed thereon for the guidance of the section men, with which plaintiff was familiar, and one of which provided that no notice would be given of the passage of extra trains, and that trackmen must govern themselves accordingly. Plaintiff, on his own motion, went out to make the usual morning inspection alone, on a railroad tricycle belonging to the local agent, and was run down by an extra passenger train after he had emerged from a cut. Had he looked back, he could have seen the cars approaching at least 30, and probably 40, rods, and the tricycle could have been stopped within a distance of 50 feet, and easily lifted from the track. Plaintiff sued the company, and a verdict is held to have been properly directed in favor of the defendant for the following reasons:

*a*—Plaintiff did not use the means provided for the purpose of making the inspection, but chose to take a conveyance capable of carrying but one, instead of using the car provided by the company, with which he could have made the inspection in the usual manner, and with safety.

*b*—Plaintiff was guilty of contributory negligence in not being on the lookout for wild trains, and keeping his tricycle under control.

*c*—Plaintiff assumed the risks of the business, of which the passage of extra trains without blowing a whistle or ringing a bell was one. He knew of the rule of the company, and had worked under it without protest, and it was not of such a character as to be void because against public policy.

Error to Livingston. (Person, J.) Argued October 14, 1892. Decided October 27, 1892.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*W. H. H. Russell,* for appellant.

*R. A. Montgomery,* for defendant.

GRANT, J. Plaintiff brought this suit to recover damages for an injury to himself, claimed to have been caused by the negligence of the defendant. At the close of the

plaintiff's testimony, the court directed a verdict for the defendant, upon the ground that the plaintiff had not made out a cause of action.

Plaintiff was foreman of section 9 of the defendant's road, and at the time of the accident had been so employed for 13 years. He continued in its employment in the same capacity for three years afterwards. It was his duty, in connection with other trackmen who were under his control, to go over the section in the morning, and inspect it. For this purpose the ordinary hand-car was furnished by the defendant. When going through cuts and similar places it is the custom for part of the workmen on the hand-car to face one way, and part the other. This is to enable the men to watch for trains in each direction, and to stop in time to remove the hand-car, and avoid danger. This course is prompted by common prudence. Time cards of regular trains were furnished these section men, with rules printed thereon for their guidance. One of these rules reads as follows:

"No notice whatever will in any case be given of the passage of extra trains, and trackmen will govern themselves accordingly."

This rule had been in force during the entire period of plaintiff's employment, and he was perfectly familiar with it.

The cut near which the accident happened was of the average depth of 16 feet, and ran in a curve somewhat in the shape of the letter "S," with a down grade to the east. Plaintiff started out about 7 o'clock A. M., alone, to make the required inspection. He set the men who were under him at work in the yard at Brighton. The only reason given for going alone was, "We were short of help." No rule of the company is shown requiring him to go alone, and no superior officer directed him to do so. After setting his men to work, he went to the baggage-room, and took a rail-

road tricycle, which was the private property of the local agent, Mr. Surtes, who had told him that he might take it when he wanted it. Mr. Surtes was absent. Plaintiff asked the baggage man if he knew of any extra trains on the road, to which he replied that he did not know; he was not there that night. Plaintiff went west upon the tricycle, and when returning met the passenger train going west. After its passage, he replaced the tricycle, and proceeded east. From this place to the place of the accident there are 25 telegraph poles. He stopped at the thirteenth pole, to listen for a train, but heard none. He stopped and listened again at the eighteenth pole, but heard no train. He then proceeded without stopping, and was overtaken by an extra passenger train near the twenty-fifth pole, and was thrown from the track. He did not hear or see the train till it was right on him. He was running fast with his tricycle, and had emerged from the cut when overtaken; but how far he was from the cut does not appear. Had he looked back, he could have seen the cars approaching at least 30, and probably 40, rods. The tricycle weighed 150 pounds, and he could stop it within 50 feet, and could easily lift it from the track. The negligence declared and relied on is the failure to notify plaintiff of the approach of irregular or extra trains, so that such employés might be enabled to learn of their extra hazard and peril.

The learned circuit judge was correct in directing a verdict for the defendant, for the following reasons:

1. Plaintiff did not use the means provided for him by the defendant for the purpose of making the inspection. He was not required to go alone. No necessity existed for his going alone at this particular time. He chose to take a conveyance which could carry but one, instead of taking the one provided by the company, with which he could have made the inspection in the usual manner, and with safety.

2. He was guilty of contributory negligence. He knew the danger he was in, and the risk he had to run. He knew that wild trains were apt to come at any time. He should have been on the lookout, and kept his tricycle under control. He rode a considerable distance through the cut without looking back, or making any attempt to do so. He was guilty of negligence also in not taking the hand-car and another man with him, so that he might adopt the usual method of protection.

3. He assumed the risks of the business, of which the passage of extra trains without blowing a whistle or ringing a bell was one. He knew the rules of the company, and agreed to them, and worked under them for 13 years without protest. They were not of such a character as to be void because against public policy. The fact that he had worked under them for 13 years without accident shows that they were not of an extremely dangerous character, and that, with proper precautions on the part of employés, danger could be averted. Plaintiff knew that extra trains were liable to come at any time. He was bound to exercise the same care that he would have done if he had been notified at the station that an extra train was on the road.

Judgment affirmed.

The other Justices concurred.