FORDYCE *v.* LOWMAN.

Opinion delivered January 7, 1893.

*Master and servant—Risks assumed by servant—Contributory negligence.*

A brakeman was employed upon a mixed passenger, freight and construction train; it was a custom upon the road at certain places to push flat cars ahead of the engine; the brakeman's duty required him to occupy a position on one of these cars when so propelled; such position was more dangerous than one in rear of the engine; while employed on a flat car in front of the engine, the brakeman, upon his first trip, received injuries from which he died. *Held*, that if the increased risk was within the ordinary scope of the employment of a brakeman on such a train, or if deceased contracted with reference to the road's custom to propel flat cars ahead of the engine, he will be deemed to have assumed the increased risk; otherwise not. *Held*, also, that if deceased did not assume the increased risk, his administratrix is entitled to recover provided the emergency was such that an ordinarily prudent person would have acted as he did.

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

Alien C. Lowman, as administratrix of the estate of her husband, Samuel M. Lowman, brought suit against S. W. Fordyce and A. H. Swanson, receivers of the St. Louis, Arkansas & Texas Railway Company, to recover damages sustained by her by reason of the death of her intestate. The case is stated in the opinion.

*J. M. & J. G. Taylor* and *Sam H. West* for appellants.

1.   The instructions given for plaintiff were ambiguous and misleading—they do not declare the law.   Having shipped on this particular train in which it was customary to push cars, in the absence of proof to the contrary, he assumed the risks of the employment.   15 Atl. Rep. 833 ;  50 Vt. 350 ;  Black on Proof and Pl. Ac. Cases, pp. 50, 167 ;  25 A. & E. R. Cas. 507.   A corporation has a right to carry on a business which is dangerous, either in itself or in the manner of conducting it, if it is not unlawful and interferes with no rights of others, and it is not liable to one of its servants, who is capable of contracting for himself and knows the danger attending the business in the manner in which it is conducted, for an injury resulting therefrom.   3 M. & W. 1 ;  9 Exch. 223 ;  16 Q. B. 326 ;  102 Mass. 572, 585 ;  3 Dill. 319 ;  113 Mass. 398 ;  102 *id.* 574.   The law of this case is fully declared in 19 S. W. Rep. 576, 601, and the instructions given in this case were there held erroneous.

2.   The verdict is excessive.   11 S. W. Rep. 694.

*N. T. White* and *White & Woolridge* for appellee.

No question of fellow servant arises in this case. The real issue is, was the increased risk, one not incident to his employment, assumed by decedent, and, if so, did he assume the increased risk by going upon the flat cars ?   The system adopted was exceedingly dangerous, hazardous and, you might say, almost unknown among railroad companies.   Even if Lowman was guilty of contributory negligence in going upon the flat cars, this did not relieve appellants from the responsibility in exercising due care and diligence in providing a firm roadbed and a safe track and a reasonably safe place and surroundings for Lowman to perform his work, and if appellants could have, by exercising due care and diligence, avoided the accident, they are liable.   38 A. & E.

R. Cas. 32; *id*. 87; *id*. 119; *id*. 209; 48 Ark. 333; 46 *id*. 388; 54 *id*. 289.

HUGHES, J. This action was brought to recover damages alleged to have been occasioned by the death of Samuel Lowman, the plaintiff's intestate, who was killed by a wreck of the train on which he was acting as head brakeman at the time in the employment of the appellants, who, as receivers, had charge of the St. Louis, Arkansas & Texas Railway.

The accident occurred on the first trip made by the deceased over the road as brakeman. The train was a mixed passenger, freight and construction train, and, at the time of the wreck, was pushing ahead of the engine some flat cars used as gravel cars, which had been un-loaded and were being pushed back to a gravel pit to be loaded.

It appears from the evidence in the case that it had been the custom upon the road to thus push these flat cars ahead of the train, because there was no switch where the cars were unloaded; that the place of the brake-man was on the second one of these flat cars from the front, ahead of the engine, where the deceased was, at the time of the wreck, in the discharge of his duty as brakeman, which position he voluntarily assumed, after he had coupled the flat cars to the engine in front, with-out any complaint on his part. That this position was more dangerous than a position in the rear of the engine; that he was not commanded to go upon these cars, but was expected to do so by the conductor of the train, and would have been ordered to do so, had he not gone upon them of his own accord.

Whether there was evidence that the deceased knew of this custom to push these flat cars ahead of the train, before starting upon this trip, was for the jury. As to whether this was a proper thing to do by the railroad

company, or, as some of the witnesses expressed it, was proper "railroading," there was conflict in the evidence.

After five instructions had been given for the plaintiff, to which the defendants excepted, and five had also been given for the defendants, and those asked for by the defendants had been modified by the court, and given as modified, over the defendants' objection, the jury returned a verdict for the plaintiff in the sum of fifteen thousand dollars; whereupon the defendants moved to set aside the verdict and for a new trial. Their motion was denied, and they have appealed to this court.

We do not propose to discuss the instructions, but deem it sufficient to declare the law applicable to the case, and to say of the first and third instructions given at the instance of the defendants that they are abstract and inapplicable to this case, and that the fifth, given at the instance of the plaintiff, does not fully declare the law. There is no question of the negligence of a fellow servant involved in the case.*

---

*The first and third instructions given at the instance of the defendants were as follows:

"1. Where an employee, such as Lowman, the deceased brakeman in this case, is injured by the negligence of a fellow-servant, the common masters, the receivers of the railroad in this case, are not liable."

"3. Under the evidence in this case the court instructs the jury that conductor Jones and brakeman Lowman were fellow-servants; and even if the jury should find from the evidence in this case that Lowman lost his life through negligence of Jones, the conductor, in matter of handling the train upon which Lowman was at work, it being the negligent act of the fellow-servant, his widow cannot recover in this case, and the jury will find for the defendants."

The fifth instruction given by the court at the instance of the plaintiff was as follows:

"5. If the jury find from the evidence that the mode of moving the construction cars on the defendant's railway in front of the locomotive had been reported to and sanctioned by the defendants, and the defendants had been fully advised thereof, and had not corrected the same, and that that mode of moving cars was negligent, and extra dangerous to the employees of the company, and the deceased was injured by reason of such negligence, then the negligence was that of the defendant and not that of the conductor."

The questions are, was there negligence upon the part of the railway company, and was there contributory negligence upon the part of the deceased that will preclude his recovery? These are questions for the jury, under proper directions as to the law by the court.

If the risk from pushing flat cars ahead of the engine was one ordinarily incident to, and fairly within, the scope of the employment of the deceased, he assumed it upon entering the service of the defendants; and if he knew, when he entered the service of the defendants, that it was the custom on the road to push flat cars ahead of the engine, he is deemed to have contracted with reference to the custom, and to have waived any claim for damages for injury resulting from so pushing the cars, though thus pushing them was improper. But if he was ignorant of this custom when he entered the service of the defendants, or of facts which ought to have apprised him of it, and the custom was improper and exposed him to unnecessary hazard, when he was called upon in an emergency to perform the duties assigned him, he did not assume the risk on entering the service of the defendants and the right to recover would depend upon whether he was guilty of contributory negligence.

This must be determined from all the facts and circumstances of the case. If he needlessly incurred a danger, of which he had been ignorant up to that time, or if he undertook a work so dangerous that an ordinarily prudent person, situated as he was, would not have undertaken it, there can be no recovery; but if in the course of his service he ascertained that the cars had to be pushed ahead of the engine, and it seemed reasonably necessary for him to get upon them in order to discharge his duty, and the danger was such that an ordinarily prudent person, situated as he was, would have deemed it prudent to do so, and if, in the exercise of ordinary prudence, he did so, he was not chargeable with contrib-

utory negligence. *Hamilton* v. *Rich Hill Coal Co.* 18
S. W. Rep. (Mo.), 977; *Patterson* v. *Pittsburg R. Co.*
76 Pa. St. 389; 1 Shearman & Redfield on Neg. secs.
211, 212.

For the errors indicated, the judgment is reversed,
and the cause is remanded for a new trial.