FRED S. SCHAIBLE v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

*Negligence—Shunting cars in railroad yard—Assumption of risk—Fellow-servants—Contributory negligence.*

1. A railroad company is not guilty of negligence *per se* in shunting or kicking cars along its tracks in its yard, for the purpose of making up trains, pursuant to a custom of long standing, of which its employés are fully cognizant.

2. It is the duty of a section hand who is at work upon a side track in the yard of a railroad company, and who knows that it is customary to shunt or kick cars along the tracks in the yard, unattended, for the purpose of making up trains, and that cars have just been run onto the track where he is at work, to keep a lookout for moving cars, and if he fails so to do, and is injured by a car coming down upon him unattended, he is guilty of such contributory negligence as will bar a recovery.

Error to Washtenaw. (Kinne, J.) Argued June 29, 1893. Decided October 27, 1893.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*C. E. Weaver (George C. Greene* and *O. G. Getzen-Danner,* of counsel), for appellant.

*Lehman Bros. & Cavanaugh,* for plaintiff.

LONG, J.  Plaintiff was employed by the defendant company as a section hand.  On the day of the injury for which this action was brought he was working in defendant's yard at Manchester, scuffing on a side track.  While at work in the yard, certain cars had been backed onto this track by the use of an engine.  After this had been done, the plaintiff claims he supposed the train was about to pull out for Jackson, as he heard the bell of the engine ringing, and the engine was moving in that direction. He continued his work, when, unobserved by him, a car which had been shunted or kicked by the engine onto that track came down upon him unattended, and caused the injury, for which a recovery of $900 was had in the court below.

The declaration contains six counts.  When proofs were offered on the trial by the plaintiff, counsel for defendant objected, on the ground that the declaration did not state a cause of action.  No reasons were given by counsel, and the defect claimed was not pointed out to the court below.

The court charged the jury that if they found that the trainmen knew that the trackmen, including the plaintiff, were at work on the track scuffing, and shunted and kicked the car down the grade without warning or notice, and without a guard, brakeman, or lookout of any kind upon the car, and sent the car against the plaintiff, then the trainmen were guilty of negligence; and if the railroad company knew of or authorized that manner of doing business, then the railroad company would be liable in the action.  This statement of the law was given with the further instruction that the plaintiff must show that he was free from fault on his part.

It appeared upon the trial, from the testimony of defendant's witnesses, that it had been the practice of the com-

pany for years to shunt cars in this way over tracks in its yards, and the claim was made that it was the duty of the plaintiff to have kept watch at all times, and to have protected himself; that when he entered the employ of the company he knew the dangers of such employment, and assumed the risks incident thereto; and, also, that the accident was caused by a fellow-servant.

The charge of the court places the liability of the defendant upon the ground that it was negligence *per se* to shunt cars in a railroad yard, thus moving them from place to place by kicking them backward by the engine, unattended, without a brakeman or lookout. We held in *Schindler v. Railway Co.*, 87 Mich. 410, that it was gross negligence to shunt cars across a highway unattended, in face of the fact that people were constantly passing and repassing. In that case a young boy was injured while crossing the track on the highway. That case was decided upon its own peculiar facts. In the present case the plaintiff was an employé of the defendant company, and had knowledge of the manner in which the work was done. He had worked there for several months during two seasons, and it is shown that during all that time the company had been accustomed to make up its trains in that manner. He says: "We tried to watch out for ourselves, because we could not tell whereabouts they were coming."

It is settled that a servant assumes the ordinary risks of the service upon which he enters which are known to him, or could have been known to him with ordinary care.

In *Murphy v. Railroad Co.*, 11 Daly, 122, it appeared that the deceased, while in the employ of the defendant, and at work as a laborer upon the tracks in the yard, was struck and fatally injured by a car coming from behind him without a brakeman upon it, and to which impetus had been given by a detached locomotive. This method of moving cars over these tracks, sometimes with

and sometimes without a brakeman, was daily practiced by defendant. The deceased had been employed there for more than a month before he was injured, and only a day or two before the accident he had been warned of the danger by defendant's foreman. It was held that a motion by defendant to dismiss the complaint should have been granted, as deceased had failed to exercise ordinary care for his own safety; also that, upon the facts disclosed, he must be charged with knowledge that the cars were moved in this way, and must be deemed to have assumed the risk incident thereto as one of the risks of his employment.

The same doctrine was laid down in Campbell v. Railroad Co., 2 Atl. Rep. 489. There it was held that when an employé is fully cognizant of the danger to which he is exposed from the negligent shunting of cars on the tracks where he is from time to time at work, and knows that his safety depends upon the care exercised by his fellow-servants in shunting the cars in, and is aware of the precautions taken by the railroad, he cannot recover for an accident caused by the negligence of a fellow-servant.

The court charged that the trainmen and the plaintiff were fellow-servants, but directed the jury that, if the company retained servants in its employ after it knew of their incompetency, it would be liable for their acts of incompetency. The only warrant for this charge was the claim that it was negligence per se to shunt the cars back in the manner stated. It was shown that this had been the custom of the company for many years, and it is quite apparent from the plaintiff's own testimony that he was aware of the danger in which he stood while working in the yard. While it might be gross negligence to shunt cars in that way across a public street where people are

constantly passing, as in the Schindler case, yet it cannot be said, as a matter of law, that it would be in a yard where trains are being made up, and where employés well know of that manner of making up trains. It was at least a question for the jury to determine whether, under the circumstances of the case, it was negligence.

The court was not in error in holding the parties fellow-servants, under the rule laid down in *Peterson v. Railway Co.,* 67 Mich. 109, and the cases there cited; but it was error to hold the acts of the trainmen negligent *per se,* and state to the jury that the company could be held liable to the plaintiff for the acts of his fellow-servants, even though those acts were negligent.

We are also of the opinion that the record discloses such a state of facts that the court should have directed the jury that the plaintiff was himself guilty of negligence. He knew the danger, saw the train being made up, and should have kept an outlook. He did nothing of the kind, but carelessly turned his back to the moving cars.

The judgment below must be reversed, and a new trial granted.

HOOKER, C. J., and MONTGOMERY, J., concurred with LONG, J. McGRATH, J., concurred in the result. GRANT, J., did not sit.