FLORENCE C. DALY v. THE DETROIT CITIZENS' STREET RAILWAY COMPANY.

*Street railways—Injury to person on track—Contributory negligence.*

1. The driver of a street horse car has a right to suppose that a person working on the track will step out of the way. upon the approach of the car, and is under no obligation to slacken his *lawful* speed until he sees that such person is in danger.

2. In a personal injury case it appeared that the plaintiff, who was employed to sweep a cross-walk over which three horse street car tracks passed, and who was familiar with the work and the situation, and knew that cars frequently passed on each track, continued his work, without looking for the approach of cars, until warned by a policeman of the approach of a car from the south, when he stepped back, so as to place himself between two of the tracks, which were about four feet apart, and was struck by the corner of a car coming from the north, and thrown down and injured. And it is held that it was the plaintiff's duty to keep watch of the approach of cars, and that the accident was the result of his own want of proper care.

Error to Wayne. (Donovan, J.) Argued April 3, 1895. Decided April 30, 1895.

Negligence case. Defendant brings error. Reversed, and no new trial ordered. The facts are stated in the opinion.

*Russel & Campbell* and *A. C. Angell,* for appellant.

*B. T. Prentis,* for plaintiff.

GRANT, J. Plaintiff was employed by the city of Detroit to sweep the cross-walk at the intersection of Woodward avenue and Congress street. He was famil-

105 MICH.—13.

iar with the work and the situation, having frequently
been employed in this work at this place. The street at
this point was occupied by three tracks on Woodward
avenue. Cars were frequently passing on each track,
of which fact he was aware. He stood sweeping on the
easterly track, with his back to the south. A horse car
was coming north on this track. Plaintiff continued his
work, without looking for the approach of cars. A
policeman standing in the street close by, seeing the
car approaching, and that Daly was paying no atten-
tion, shouted to warn him. Plaintiff, instead of step-
ping to the east, stepped backward, to the west; thus
placing himself between two tracks, which were about
four feet apart. A horse car going south on the second
track had reached the place where he stepped back, so
that he was struck by the front of the car, back of the
platform, thrown down, and injured. Two grounds of
negligence are alleged, viz., the employment of incom-
petent drivers and conductors, and want of due care and
caution in driving and passing on adjacent tracks. There
was no evidence of the employment of incompetent
servants.

1. No negligence was shown on the part of the defend-
ant. Both the cars were being driven at the rate of
speed provided by the ordinance. The driver of the car
upon the track where plaintiff was at work had the right
to suppose that plaintiff would step out of the way upon
its approach. He therefore was under no obligation to
slacken his lawful speed until he saw that plaintiff was
in danger. Plaintiff did get out of the way of this car in
time. He testified that he did not know whether he
stepped out of the way immediately when the policeman
called to him, or whether he stopped and gave another
brush or two. The driver of the south-bound car, which
struck him, even if he had seen him upon the other track,
had no reason to suppose he was in peril, or that he would
step back against his car to get out of the way of the

other.   The driver was past him when he stepped back, for he was struck by the corner of the car behind him.

2. It was the plaintiff's duty to keep watch of the approach of cars, as he might readily do, and place himself out of danger.   The accident was the result of his own want of proper care.   The case is ruled by the following authorities:   *Kelly v. Hendrie*, 26 Mich. 255; *Pzolla v. Railroad Co.*, 54 Id. 273; *Gebhard v. Railway Co.*, 79 Id. 586.

Judgment reversed, and no new trial ordered.

McGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred.   LONG, J., did not sit.