## LYONS *v.* BAY CITIES CONSOLIDATED RAILWAY CO.

1. ELECTRIC RAILROADS — PERSON STANDING ON TRACK — DUTY OF MOTORNEER.

The motorneer of an electric car has the right to assume that a person standing on the track some distance ahead of the car will step out of the way, and he is not bound to check the speed of the car until he has good reason to believe that such person is paying no heed to the customary signals.

2. SAME—FAILURE TO HEED SIGNALS—DEAFNESS.

The fact that a motorneer, who ran down and killed a street sweeper, saw two fellow workmen of the deceased run to him and take hold of him as the car was approaching, was insufficient to apprise the motorneer that the man was so deaf as to be unable to hear the gong, so as to impose upon him the duty of checking the speed of the car. MONTGOMERY, J., dissenting.

3. SAME—CONTRIBUTORY NEGLIGENCE.

A street sweeper was, as matter of law, guilty of contributory negligence, precluding a recovery for his death from being struck by an electric car, which approached him in plain sight for nearly 2,000 feet, in failing to look for the car, where he was deaf, and could not hear the signals.

Error to Bay; Maxwell, J. Submitted June 9, 1897. Decided December 7, 1897.

Case by Theodore Lyons, administrator of the estate of Joseph Delille, deceased, against the Bay Cities Consolidated Railway Company, for negligently causing the death of plaintiff's intestate. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Van Kleeck & Anneke,* for appellant.

*T. A. E. & J. C. Weadock,* for appellee.

GRANT, J. The court, upon the opening statement of counsel for plaintiff, directed a verdict for the defendant. The deceased was a laborer in the employ of Bay City, and, while engaged in sweeping the street, was struck by a car of the defendant, and received an injury from which he died. Plaintiff brought suit, alleging that the accident was caused by defendant's negligence. The deceased was sweeping between the rails of one of the tracks. He was so deaf that he could not hear the sound of the car or the gong, which, it is conceded, the motorneer rang. Delille knew that cars were passing over these tracks every few minutes. His deafness required more vigilance in the use of his eyesight. Instead, he did not use his sight at all. The car was in plain sight for nearly 2,000 feet. A glance, occupying no perceptible time, would have informed him of the approach of the car. A step, taking scarcely a second of time, would have placed him beyond danger. The motorneer had no knowledge of his deafness. He was under no obligation to check the speed of his car until he had good reason to believe that Delille

was paying no heed to his customary signals. *Lake Shore, etc., R. Co.* v. *Miller*, 25 Mich. 274. Delille could easily have avoided the danger by stepping out of the way when the car was within a few feet of him. The motorneer had the right to assume that he would do so. The case is ruled by *Daly* v. *Railway Co.*, 105 Mich. 193.

The counsel, in his statement to the jury, said:

"Two other workmen were about 20 feet from deceased, east on the track. They heard the car coming, and, knowing of his infirmity, rushed back to him, took hold of him, and attempted to shove him off with a broom; but the car was coming so rapidly that it knocked the broom out of the man's hand, and Delille was killed."

It is contended that this statement is sufficient for a jury to find negligence on the part of the defendant, on the ground that the motorneer either saw, or ought to have seen, that the deceased was paying no attention to the noise of the car, or the signal which the motorneer was giving. What was there in the situation to inform the motorneer why these two men were running down the track? But, according to the statement, these men had time to run 20 feet, to seize deceased, and to let go of him when they saw the danger, and step off the track, before the car reached them. If, then, the motorneer saw them running, and knew that they were trying to notify deceased, he had a right to believe that he could hear, and did hear, the warnings of his fellow workmen. Counsel do not claim that the motorneer deliberately ran upon the deceased, knowing that he was in danger. A single step would have placed him beyond danger, and the motorneer had a right to act on the presumption that the deceased was in the possession of his faculties, and would take the step. This could be done when the car was within 15 or 20 feet. What reason is there for saying that the motorneer was guilty in not anticipating that deceased would not take the usual precaution to protect himself? But, if he was guilty of negligence, the deceased was equally guilty, in not using his eyesight, and it was a case of neg-

ligence on the part of both. The offer of proof was not sufficient to relieve deceased from his duty to look when he could not hear, or to fasten negligence on the defendant.

Judgment affirmed.

LONG, C. J., and MOORE, J., concurred with GRANT, J. HOOKER, J., did not sit.

MONTGOMERY, J. (*dissenting*). In addition to the facts contained in the statement of Mr. Justice GRANT, the plaintiff offered to show that the motorneer could see every man on the track, if he paid attention; that two other men were on the track, about 20 feet from the intestate; that they heard the car coming; that, knowing the infirmity of deceased, they rushed back to him, and attempted to get him off the track; that they took hold of deceased, and attempted to shove him off with a broom; that the car was running so rapidly that it knocked the broom out of his hand; that the motorneer, at the time the car struck deceased, said, "Let him go;" that the car was running at a rate of speed prohibited by ordinance. I think the case is not ruled by *Daly* v. *Railway Co.*, 105 Mich. 193, but that it is a question for the jury as to whether the motorneer saw the deceased, and saw that the warning was unheeded by him, in time to have avoided the collision. *Bouwmeester* v. *Railroad Co.*, 63 Mich. 557; *Montgomery* v. *Railway Co.*, 103 Mich. 46.

The judgment should be reversed, and a new trial ordered.