CARR *v.* ST. CLAIR TUNNEL CO.

1. RAILROADS — INJURY TO EMPLOYÉ — FLYING SWITCHES — NEGLI-
GENCE.
   The practice of making "flying switches," being a method in
   common use, does not constitute negligence as to employés.

2. SAME — ASSUMPTION OF RISK.
   A railway employé who had assisted in making "flying
   switches" for eight days without objection assumed the risk
   of injury therefrom.

Error to St. Clair; Thomas, J. Submitted October 10,
1902. (Docket No. 36.) Decided November 11, 1902.

Case by William Carr against the St. Clair Tunnel
Company for personal injuries. From a judgment for
defendant on verdict directed by the court, plaintiff brings
error. Affirmed.

Plaintiff was employed by the Grand Trunk Railway
Company as brakeman and switchman in its yards on the
Canadian side of the defendant's tunnel. The tunnel is a
part of the railroad of the Grand Trunk, although the
defendant, a separate corporation, constructed the tunnel
and owns it. It was a part of plaintiff's duty to assist, as
brakeman, in running cars through the tunnel, from the
summit on one side to the summit upon the other. After
taking a train of cars through from the American to the
Canadian side, if there was no train to be brought back,
the engine would couple to a van, and the train crew
would ride back in the van, and would be left on a side
track in the vicinity of where the next train was, which
would sometimes be at the summit of the tunnel, and
sometimes farther up in the yards. When the van was
brought over in that way, it was the custom to drop the
van by making a "flying switch." This had been the

custom for nine years,—ever since the tunnel was constructed. This was done by the engine, while under good headway, slacking up; the brakeman, Weston, pulling the coupling pin; the engineer then, on a signal, going ahead over the switch with increased speed; and the switchman throwing the switch after the engine passed, thus sending the van onto another track.

On the evening of January 11, 1900, the plaintiff rode over in the van with Weston, the other brakeman, Conductor Tinsley, and A. S. Begg, the general superintendent. On reaching the summit, Tinsley ordered the head brakeman, Weston, to make a drop of the van by a flying switch. This order was given in the presence of the plaintiff and the superintendent. Tinsley, on reaching the summit, jumped off at the telegraph station, as was his custom, to get orders. The engineer signaled the switchman ahead, by four "toots," that he intended to drop the van by a flying switch. Weston went out of the forward door, and got down on the foot-board of the engine to pull the pin, but it was tight, and he could not pull it; and the engineer, supposing it was pulled, went ahead. The night was dark and very stormy, and the switchman, either not observing, or, on account of the storm and darkness and escaping steam, not being able to see, the van, and supposing it was cut off, after the engine passed threw the switch, which threw the forward wheels of the van onto another track while still coupled to the engine, derailing the van, and throwing the plaintiff off the forward platform, where he was standing, onto the ground; and the car wheels ran over his left arm, cutting it off near the shoulder, and otherwise severely injuring him. Mr. Begg, the superintendent, who was standing by the plaintiff's side on the front platform, was thrown in through the door into the van. Plaintiff brought suit, alleging the practice of making flying switches to constitute negligence on the part of the company. At the conclusion of the testimony, the court directed a verdict for the defendant.

*John B. McIlwain*, for appellant.

*E. W. Meddaugh* (*Geer & Williams*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). Making flying switches is a method in common use by the railroad companies of this country. It was not, therefore, negligence on the part of the defendant to do this work in the usual and customary way. 3 Elliott, R. R. § 1274; *Schaible* v. *Railway Co.*, 97 Mich. 318 (56 N. W. 565, 21 L. R. A. 660); *Pahlan* v. *Railway Co.*, 122 Mich. 232 (81 N. W. 103). Other courts have recognized this practice as existing in most of the railroad yards in the country, and have therefore held that it does not constitute negligence as to employés. *Hunt* v. *Hurd*, 39 C. C. A. 226, 98 Fed. 683.

Plaintiff had assisted in making these flying switches for eight days previous to the accident, and made no objection. He therefore assumed the risk. *Youll* v. *Railway Co.*, 66 Iowa, 346 (23 N. W. 736); *Jolly* v. *Railroad Co.*, 93 Mich. 370 (53 N. W. 526); *Kelley* v. *Railway Co.*, 53 Wis. 74 (9 N. W. 816); *Fordyce* v. *Lowman*, 57 Ark. 160 (20 S. W. 1090); *Bengtson* v. *Railway Co.*, 47 Minn. 486 (50 N. W. 531); *Coombs* v. *Railroad Co.*, 156 Mass. 200 (30 N. E. 1140).

Judgment affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.