KOTILA *v.* HOUGHTON COUNTY STREET-RAILWAY CO.[1]

1. STREET RAILWAYS — INJURIES TO ANIMALS — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE.

A person who was guilty of negligence in permitting his cow to be at large cannot recover damages for the killing of the cow by an electric car, in the absence of evidence that the motorman, after he discovered, or by the exercise of due care should have discovered, that the cow was in a position of danger, could, by the use of the appliances at hand, have stopped the car, or so checked its speed as to prevent the injury.[2]

2. SAME—PRESUMPTIONS—STOPPING CAR.

A jury cannot assume, in the absence of evidence on the subject, that an electric car, going down grade at a great rate of speed, could have been stopped in 150 feet with the ordinary appliances.

Error to Houghton; Streeter, J. Submitted May 15, 1903. (Docket No. 81.) Decided September 15, 1903.

Case by John L. Kotila against the Houghton County Street-Railway Company for the negligent killing of a cow. From a judgment for plaintiff, defendant brings error. Reversed.

*Gray, Haire & Rice,* for appellant.

*W. A. Burritt,* for appellee.

CARPENTER, J. A cow belonging to the plaintiff was struck by a car operated by defendant, and killed. Plaintiff recovered a judgment of $65 in the court below. The case was tried by plaintiff upon the theory that he was

[1] Applications for rehearing denied October 27, 1903, and January 5, 1904.

[2] As bearing upon a plaintiff's right to recover notwithstanding his negligence, see *Sosnofski* v. *Railway Co., ante,* 72; *Labarge* v. *Railroad Co., ante,* 139.

himself guilty of negligence in permitting his cow to be at large. He was permitted to recover on the theory that the negligence of defendant's motorman was such that he was entitled to a verdict notwithstanding his own negligence. Defendant contends that the evidence did not warrant a recovery on this theory. Plaintiff's testimony tended to prove that his cow stood on defendant's track, in plain sight of the approaching car in charge of the motorman, while the car was going 150 feet; that the car was going down grade with great speed; that the speed was not lessened until after the collision; and that the car went nearly 100 feet after it struck the cow before it was stopped. There was no testimony tending to show whether or not the car could have been stopped in this 150 feet under the circumstances, or tending to prove how much its speed could have been checked in that distance by the appliances at hand.

If this had been the case of a collision between the defendant's car and a person of mature years crossing its track, there would be no opportunity of applying the law which permits plaintiff to recover notwithstanding his own contributory negligence. In such a case, the motorman, as this court has held (see *Lyons* v. *Railway Co.*, 115 Mich. 114, 73 N. W. 139), would be warranted in acting upon the assumption that the person crossing the track would by due diligence escape injury. When, however, the motorman sees upon the track an animal like plaintiff's cow, he cannot act upon that assumption. He cannot assume that the animal will use diligence for its own protection. Nevertheless, the motorman cannot be held bound to anticipate danger to such an animal until it has reached, or at least approached, the path of the car. Therefore, in this case, to warrant the jury finding a verdict for the plaintiff notwithstanding his contributory negligence, we think the evidence should have warranted the inference that the motorman, after he discovered, or by the exercise of due care should have discovered, the cow in the position of danger, could, by the use of the appli-

ances at hand, have either stopped the car, or so checked its speed as to prevent the injury which actually occurred. This statement of the law, as applied to this case, is, we think, warranted ·by the following cases: *Richter* v. *Harper*, 95 Mich., at page 225 (54 N. W. 768); *Frost* v. *Railroad Co.*, 96 Mich. 470 (56 N. W. 19); *Montgomery* v. *Railway Co.*, 103 Mich. 46 (61 N. W. 543, 29 L. R. A. 287); *Fritz* v. *Railway Co.*, 105 Mich. 50 (62 N. W. 1007); *Lyons* v. *Railway Co.*, 115 Mich. 114 (73 N. W. 139); *Finnegan* v. *Railroad Co.*, 127 Mich. 15 (86 N. W. 395); *Merritt* v. *Foote*, 128 Mich. 367 (87 N. W. 262).

Under this rule, no verdict could be rendered for the plaintiff unless the jury could, without testimony to aid them, assume that in going this 150 feet the car could be stopped, or its speed so checked as to prevent the injury which occurred. Plaintiff's counsel says in his brief: "It is a matter of common knowledge that an electric car can be stopped within much less than 150 feet." We cannot agree with this statement. Counsel asked too much when he asked the jury to assume, without any testimony whatever, that this car, going down grade at a great speed, could, by the use of ordinary appliances, be stopped in 150 feet. Clearly, this could not be assumed. Neither could it be assumed that in going that distance the speed of the car could be so checked that the cow would not have received injuries which, so far as damages are concerned, would have been equivalent to its destruction.

The judgment of the court below must therefore be reversed, and a new trial granted.

The other Justices concurred.