GRAHAM *v.* DETROIT, GRAND HAVEN & MILWAUKEE
RAILWAY CO.

1. MASTER AND SERVANT—RAILROADS — NEGLIGENCE — DEFECTIVE
ROADBED.
   Whether defendant, a railroad company, was negligent in
   failing to cause a train order to be delivered notifying the
   crew of a construction and repair train of a washout on
   its right of way, on the theory that the train dispatcher sent
   an ordinary message to the operator at Corunna, without re-
   quiring the customary evidence of its delivery, as in case of a
   train order, and such was not a proper method of communi-
   cating the information, was rightly submitted to the jury.

2. SAME—EVIDENCE—EXPERT TESTIMONY.
   The opinion of a train dispatcher that the method adopted was
   a proper method was correctly excluded from the evidence.
   BROOKE, J., dissenting.

Error to Clinton; Searl, J.   Submitted December 1,
1910.  (Docket No. 100.)   Resubmitted October 5, 1911.
Decided December 29, 1911.

Case by Rose E. Graham, administratrix of the estate of
Justin E. Graham, deceased, against the Detroit, Grand
Haven & Milwaukee Railway Company for the negli-
gent killing of plaintiff's decedent.  Judgment for plain-
tiff.  Defendant brings error.  Affirmed.

*Harrison Geer*, for appellant.

*Lyon & Moinet*, for appellee.

McALVAY, J.  This is the second time this case has
been before this court.  A judgment which was rendered
upon the first trial was reversed and a new trial granted.
The case is reported as *Graham* v. *Railway Co.*, 151
Mich. 629 (115 N. W. 993, 25 L. R. A. [N. S.] 326).
The statement of facts in that opinion requires no en-
largement, and may be considered as the statement of
facts for the purposes of the present presentation.  In order

to understand the facts properly, and to know what was determined in the case by this court, a careful reading of the entire opinion will be necessary before reading this opinion.

It will appear from that opinion that the breach of duty relied upon and charged by the plaintiff was the neglect to notify the conductor, engineer, and plaintiff's intestate of the condition of the track caused by the washout, of which defendant had notice, and counsel for plaintiff insisted on that hearing that such "duty resting upon the defendant to notify either plaintiff's intestate or the trainmen of the known condition of the road was a positive duty." The case has been retried, and defendant has again brought it to this court for review upon writ of error. The record now presented, with but slight variations, is the same as that before the court on the former hearing.

On the former trial, the jury, in answer to special questions submitted by the court, at the request of plaintiff, found that the disputed message was not sent from Durand to Corunna, and that it was not delivered to the engineer or the conductor. The court also charged that the telegraph operator at Corunna was not a fellow-servant of plaintiff's intestate. Defendant insisted that a verdict should have been instructed in its behalf because no negligence had been shown, and that the negligence, if any appeared, was the negligence of the telegraph operator at Corunna, a fellow-servant of plaintiff's intestate. Two opinions were filed by the justices who heard the case. The court was unanimous in reversing the judgment and granting a new trial, also in holding that the undisputed evidence showed that the telegram was sent by the train dispatcher from Durand to Corunna, whereby he undertook to acquaint the trainmen of the known conditions of unsafety, and also upon the proposition that, because the telegraph operator and the trainmen were fellow-servants, the operator's negligence could not be charged to defendant.

Whatever difference of opinion was entertained by the members of the court who sat in the case appears in the following excerpts:

Mr. Justice OSTRANDER, speaking for himself and two justices who concurred with him, said:

"Whether the message was sent, and whether it was delivered, are separate and distinct questions. Circumstances which justified the finding that the message was not delivered to the trainmen did not justify a finding that it was not sent by the train dispatcher. We have, therefore, after a careful examination of the record, reached the conclusion that the finding of the jury that the message in question was not sent is unsupported by evidence. This requires us to reverse the judgment, and to order a new trial, for the reason that the jury should have been instructed that, if they found that the train dispatcher at Durand made proper effort to acquaint the trainmen with known conditions of unsafety, defendant had performed its duty in the premises. There is considerable testimony tending to prove that less care is generally observed to insure the delivery of messages than is used to insure the delivery of train orders. Evidence of the delivery of train orders is secured at the central or directing office before trains are cleared. Such orders are, in effect, receipted for by the trainmen or by the conductor of the train. Defendant was bound to use a degree of care commensurate with the importance of the communication and the purpose for sending it, not only in transmitting the message, but in securing its delivery to the proper persons. But we are not prepared to hold that in the performance of that duty it had not the right to rely reasonably upon its servants, agents, and means of communication, or to use other means of communication if its own were defective. * * * The duty of the master to minimize danger by giving notice of the places where defects existed has been stated. If in performing this duty, by the use of means adequate to impart the knowledge to the proper persons in proper season, the purpose was defeated by negligence of the station agent, which due care on the part of the master would not have prevented or discovered, defendant is not responsible for the consequences. We intimated this principle in *Moon* v. *Railroad Co.*, 143 Mich. 125, 135 (106 N. W. 715, 108 N. W. 78). It requires a high degree of care, but does not extend so far as to impose a positive and wholly nondelegable duty upon the master."

The opinion written by Mr. Justice CARPENTER, concurred in by Chief Justice GRANT, is as follows:

"I agree with Justice Ostrander that, if 'the train dispatcher at Durand made proper effort to acquaint the trainmen with the known conditions of unsafety, defendant had performed its duty in the premises.' I agree with him that the undisputed testimony proves that said train dispatcher did undertake to acquaint the trainmen of such conditions of unsafety by telegraphing the conductor and engineer of said train at Corunna. I think by sending this telegram the train dispatcher adopted the obviously proper method of acquainting the trainmen with those conditions. It was a method, too, which would have been entirely sufficient had not the station agent (operator) at Corunna failed to perform his duty. The train dispatcher had a right to assume, and to act upon that assumption, that there would be no failure to perform that duty. Under these circumstances, I can perceive no sound reason for saying that something else should have been done, or that what was done should have been done in any different manner. I am of the opinion, therefore,—and here is where I go further than does my Brother Ostrander,— that we should say under the circumstances disclosed by the record that in sending the telegram to Corunna, the train dispatcher performed his entire duty—and the entire duty of defendant toward plaintiff's intestate. It follows that in my judgment defendant was entitled to a directed verdict. I agree with Justice Ostrander that the judgment should be reversed and a new trial granted."

There is therefore but one important question left in the case for determination, and that is: Was there any question of negligence of the defendant to be submitted to the jury? All other questions of importance were settled by the former decision of this court. This was left an open question. It is clearly indicated in the opinion written by Mr. Justice Ostrander that this was a question of fact to go to the jury. That it is a close question must be admitted. It was not concurred in by a majority of the court and was therefore not conclusive upon this court. The question as to whether the message was delivered we think will be conceded to have been a question of fact for the jury, which has been found in favor of plaintiff. Its nondelivery by reason of negligence of the operator is eliminated from the case. The testimony in the case rel-

ative to the degree of care generally observed to insure the delivery of messages and train orders does not differ in any respect from that contained in the former record which was considered in the opinion. The case, that opinion states, was reversed—

"For the reason that the jury should have been instructed that, if they found that the train dispatcher at Durand made proper effort to acquaint the trainmen with known conditions of unsafety, defendant had performed its duty in the premises. * * * Defendant was bound to use a degree of care commensurate with the importance of the communication and the purpose for sending it, not only in transmitting the message, but in securing its delivery to the proper persons."

To be consistent with this opinion, it must be held that this question was properly submitted to the jury. The communication was a most important one. It is still a fact, as stated in the former opinion, that—

"There is considerable testimony tending to prove that less care is generally observed to insure the delivery of messages than is used to insure the delivery of train orders."

The record shows that of all the orders communicated to these trainmen that day this one only was by a message. The others were train orders, and were all delivered to the proper persons. The finding of the jury was supported by the evidence.

Error is assigned upon the refusal of the court to admit testimony of expert witnesses to show that sending the communication by telegraph message as in this case was good railroading. An examination of the former opinions in the case discloses the precise question of fact left for the jury to determine. The testimony offered was not material to its solution. It was properly excluded.

The judgment is affirmed.

BLAIR and STONE, JJ., concurred with MCALVAY, J.

OSTRANDER, C. J. (*concurring*). We agreed, when this cause was here before, that whether defendant was negligent in the premises depended upon whether the

train dispatcher made proper effort to acquaint the train-men with known conditions of unsafety. We agreed that the testimony required the finding that the dispatcher sent to the trainmen at Corunna notice of these conditions in a message addressed to the conductor and engineer in charge of the train, and that the train was stopped at Corunna for the purpose of delivering the message. We agreed that whether it was delivered to the trainmen, or to either of them, and whether the information afforded thereby came to the knowledge of either, was a disputed question of fact. Two of the justices were of opinion that the answer to this question was unimportant as affecting the liability of defendant to the plaintiff, for the reason that the dispatcher had the right to rely upon a proper delivery of the message—on due performance of duty by the station agent at Corunna who received the message. Three of the justices were unwilling then to say, as matter of law, whether some further evidence of the delivery of the message should or should not have been secured by the dispatcher, in view of the importance of the communi-cation, the nature of the known conditions revealed in the message, and the custom and habit of the defendant to secure such further evidence when orders controlling the running of trains were given. This question, namely, whether this train should have been permitted to proceed without securing evidence in the dispatcher's office that the message had reached the trainmen, is again presented, and is the controlling question.

The jury has again found that the message was not deliv-ered to the conductor or engineer, and that neither of them had notice or knowledge of its contents. It is controlling because it is the claim of defendant that the movements of the train were directed by the conductor and controlled immediately by the engineer, and that to these men in the discharge of its duty it sought to convey seasonable notice of the defects in the roadbed. The purpose of such a no-tice to them was obviously to protect them and the men and property in their charge—to govern, to that extent,

the operation of the train. I find no evidence of an express rule or controlling custom of the defendant in like cases. It does appear that, to secure the release of a train stopped for orders, it is the rule and custom to obtain evidence that the orders have actually been received by the trainmen. I am not prepared to say that the information contained in the message in question, admittedly intended for the trainmen, was of smaller importance in kind than that conveyed by train orders. And I do not see how the testimony of railroad men to the effect that the method pursued was a proper method could have afforded the jury any real basis for determining the precise question which is involved. Courts should be and are disinclined to criticise, or to permit juries to disregard, rules adopted for conducting private business which have been approved by experience and followed with safety. In the case at bar it appears that defendant customarily, and according to approved rules, secured evidence of the delivery of train orders to those to whom they were given before permitting trains to be moved. They sent certain information customarily by messages, securing no such evidence of delivery. It would seem that the matter of the communication, and not what a dispatcher called it, should control the method of dispatching and delivery. I think it was for the jury to determine whether, in view of all the testimony, including the rules of defendant, it had used even ordinary care to insure to the trainmen notice of the perils of a perilous journey.

I concur in affirming the judgment.

STEERE and MOORE, JJ., concurred with OSTRANDER, C. J.

BROOKE, J. (*dissenting*). As I read the opinions delivered when this case was before the court on another occasion, but one question of fact was left for the determination of the jury. That question is whether the defendant made proper effort to acquaint the engineer and conductor of engine extra 1104, with the dangerous condi-

tion of the track. It is settled in this trial, as it was in the former, that the message (Exhibit 1) was sent by defendant's dispatcher, Crouch, to Humphrey, the agent at Corunna. It is likewise undisputed that the message was received by Humphrey before the arrival of the special at Corunna. The conductor denies all knowledge of the message, and the engineer is dead. The jury having found (whether against the weight of the evidence or not need not be determined) that the message was not in fact delivered to either the conductor or engineer, the question still remains as to whether or not the defendant used due care to secure its delivery.

As I view the matter, the inquiry narrows itself down to ascertaining whether it was in accordance with proper railroading to convey the information by means of a message, which was done, or whether, in the exercise of due care, defendant should have conveyed the information to the crew of the special in the form of an order. This question is, I think, clearly one upon which men of ordinary information are incapable of forming a reliable judgment. It is one which peculiarly calls for the expert opinion of those who by reason of their skill and experience in railroading are qualified to speak.

Defendant offered such testimony which was (I think erroneously) excluded. *Grand Rapids, etc., R. Co.* v. *Huntley,* 38 Mich. 537 (31 Am. Rep. 321); *Coburn* v. *Booming Co.,* 72 Mich. 134 (40 N. W. 198); *Underwood* v. *A. W. Stevens Co.,* 149 Mich. 39 (112 N. W. 487). I am of the opinion, too, that the court erred in excluding evidence on the part of the defendant of its custom in conveying information of the character of Exhibit 1. *Whalen* v. *Railroad Co.,* 114 Mich. 512 (72 N. W. 323); *Carr* v. *Tunnel Co.,* 131 Mich. 592 (92 N. W. 110); *La Barre* v. *Railway Co.,* 133 Mich. 192 (94 N. W. 735).

The judgment should be reversed, and a new trial ordered.

BIRD, J., did not sit.