BARNHART *v*. PERE MARQUETTE RAILROAD CO.

1. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—SECTION MEN —DUTY.

Where plaintiff brought an action for injuries sustained in being run down by defendant's train, and the evidence showed that he, with other section men, was engaged in cleaning off snow from several switches, in the city of Lansing, that plaintiff, in obedience to general instructions, started, after clearing off one switch, to work on another, and, with his cap pulled down over his ears, during a snow storm, ventured on the main track after one train had passed, and failed to look for or observe a train that was following, he was chargeable with the knowledge that the work was of a dangerous nature and he was bound to take reasonable precautions to protect himself from perils arising therefrom, and was guilty of contributory negligence.

2. SAME—WARNING—SIGNALS—DUTY TO WHISTLE.

An employee working as a section hand is not entitled to recover for negligence in failing to sound the statutory signals for a crossing. 2 Comp. Laws, § 6292.

3. SAME—FELLOW SERVANTS—COMPARATIVE NEGLIGENCE.

The question of comparative negligence under Act No. 104, Pub. Acts 1909, was not a question of fact for the jury, but was correctly decided by the trial court as a question of law, since the failure of the engineer to discover plaintiff on the track was of lesser degree than plaintiff's want of care.

4. SAME—SAFE PLACE—NEGLIGENCE.

The defendant was not chargeable with a violation of the duty to provide a safe place, the track being used for the very purpose for which it was intended, and being rendered unsafe by the act of the employee.

5. SAME—EVIDENCE—VIOLATION OF ORDINANCE.

Nor could he recover for violation of a city ordinance relating to the speed of trains, when it was not introduced in evidence.

Error to Ingham; Collingwood, J. Submitted November 10, 1914. (Docket No. 151.) Decided December 21, 1915.

Case by Sherman T. Barnhart against the Pere Marquette Railroad Company and Michigan Central Railroad Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Warner, Raudabaugh & Person,* for appellant.

*Samuel H. Kelley,* for appellee Michigan Central Railroad Co.

*Parker, Shields & Brown (Cummins, Nichols & Rhoads,* of counsel), for appellee Pere Marquette Railroad Co.

BIRD, J. Plaintiff was employed as a section hand by the Michigan Central Railroad in December, 1911. The section upon which he was employed commenced about 1,000 feet south of Franklin avenue in the city of Lansing, and extended north to Chandler's marsh. On the night preceding the 21st of February, 1912, there was a heavy snowfall, and the snow continued to fall and blow during the forenoon of that day. By reason of the storm, plaintiff and his co-workers were called out early to clear the snow from the interlocking switches. After cleaning the last switch, which was situate about 500 feet south of Franklin avenue, the men were ordered by the foreman to take shelter for a time behind a box car standing on a parallel track to the main track, and which was called the scale track, while he went after his mail. The men acted upon his suggestion and after remaining there for a time, plaintiff was seen to place his broom under his

arm and start toward the switch which they had last cleaned. In doing so, he took a southeasterly course, and was soon on the south-bound main track, down which he traveled toward the switch. A few moments later, a Pere Marquette passenger train (which used the tracks jointly with the Michigan' Central) was observed by the men and foreman, following close behind him. They called to him, and the foreman threw a mail box he was carrying at him, in the attempt to call his attention to the train, but presumably by reason of the storm he did not hear them, and the train struck him and injured him so badly that later he lost one of his legs by amputation. The negligence with which the defendants were charged was:

(1) The failure to furnish a safe place in which to perform his duties; (2) the failure to give the statutory crossing signals; (3) operating the train at a speed in excess of that allowed by an ordinance of the city of Lansing; (4) the failure to give heed in operating the train to the fact that it was late, and of the storm conditions.

The trial resulted in a directed verdict for the defendants, on the ground of plaintiff's contributory negligence.

When plaintiff engaged in this line of work he knew that it was more or less hazardous by reason of the frequent operation of trains, and the law placed upon him the duty of exercising reasonable care to protect himself against injury. *Schaible* v. *Railway Co.*, 97 Mich. 318 (56 N. W. 565, 21 L. R. A. 660) ; *Aerkfetz* v. *Humphreys*, 145 U. S. 418 (12 Sup. Ct. 835) ; *Daly* v. *Railway Co.*, 105 Mich. 193 (63 N. W. 73) ; *Carlson* v. *Railroad Co.*, 120 Mich. 481 (79 N. W. 688).

Standing beside the box car on the scale track, he was in a place of comparative safety. The proof tends to show quite conclusively that he was not ordered at that time to clean the switch again, unless it can be

said that a general order, which had been given them to keep the switches clean, would suffice. But conceding that his action was in obedience to the general order, there was no occasion for his traveling down the main track to reach the switch, as the very track he started from led to the switch. Instead of traveling down the scale track, he crossed over and went onto the main track, and thereby incurred dangers which he could have, with less trouble, avoided, and he did this on a cold stormy morning, with his cap pulled down partially over his ears, when the weather conditions rendered it very difficult for him to see or hear an approaching train. He also did this with a full knowledge that he was on the south-bound main track, and that trains were being operated over it in the same direction in which he was traveling, and yet, the proof shows that he did not look back, after he started, to protect himself from approaching trains. Considering his conduct independently of Act No. 104, Pub. Acts 1909, it was a plain case of contributory negligence, which will bar his right to recover.

But it is urged that, even if he were guilty of contributory negligence, the defendants were also guilty of negligence, and under Act No. 104, the question as to which was the more negligent should have been submitted to the jury. We do not think that the charges of negligence against the defendant can be sustained, unless it can be said that the engineer was negligent in failing to discover and warn the plaintiff. Respecting the grounds of negligence, it may be said that the doctrine of "safe place" is not involved. The place was safe, and was being used for the very purpose for which it was constructed, and was rendered unsafe for plaintiff only by his own act. The defendants did not owe him the duty of giving the statutory crossing signals. *Lepard* v. *Railroad Co.*, 166 Mich. 373 (130 N. W. 668, 40 L. R. A. [N. S.] 1105). Nothing can be

predicated upon the operation of the train at a speed in excess of that allowed by the ordinance, because the ordinance was not introduced. If we concede that the engineer was negligent in that he did not discover plaintiff on the track and warn him, we are still of the opinion, in view of the storm conditions, that that negligence was clearly of a lesser degree than the negligence of the plaintiff.

While ordinarily questions arising under this statute are questions of fact to be determined by a jury, we are of the opinion that where it is clear that the negligence of the plaintiff is not of a lesser degree than that of the defendant, we should control the verdict as a matter of law. *English* v. *Railroad Co., ante,* 286 (154 N. W. 98) ; *Chicago, etc., R. Co.* v. *Still,* 19 Ill. 499 (71 Am. Dec. 236). See, also, *Sonsmith* v. *Railroad Co.,* 173 Mich. 57 (138 N. W. 347). We think this is such a case, and we therefore hold, as a matter of law under the proofs, that plaintiff's negligence was not of a lesser degree than the negligence of the defendants, thereby affirming the view of the trial court. The judgment is affirmed.

BROOKE, C. J., and STONE, OSTRANDER, and STEERE, JJ., concurred with BIRD, J.

KUHN, J. (*concurring*). Act No. 104, § 2, Pub. Acts 1909, provides as follows:

"In all actions hereafter brought against any such common carrier railroad company under or by virtue of any of the provisions of this act to recover damages for personal injury to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery: *Provided,* that the negligence of such employee was of a lesser degree than the negligence of such company, its officers, agents or employees."

As Mr. Justice Bird says in his opinion, the question to determine is whether we should say, as a matter of law—

"that the negligence of such employee was of a lesser degree than the negligence of such company, its officers, agents, or employees."

In the consideration of this question, in my opinion, the same rule should govern as has been laid down by this court in considering whether or not the question of contributory negligence should be determined as a matter of law. We have held in numerous cases that where the evidence is conflicting, or where different conclusions might reasonably be drawn from established or conceded facts, the question belongs to the jury. *Becker* v. *Railway Co.*, 121 Mich. 580 (80 N. W. 581) ; *Haines* v. *Railway Co.*, 129 Mich. 475 (89 N. W. 349) ; *Welch* v. *Railroad Co.*, 147 Mich. 207 (110 N. W. 1069) ; *Amanta* v. *Railroad Co.*, 177 Mich. 280 (143 N. W. 76) ; *Atchison, etc., R. Co.* v. *Wilkie*, 77 Kan. 791 (90 Pac. 775, 11 L. R. A. [N. S.] 963, and note; 127 Am. St. Rep. 464, 15 Am. & Eng. Ann. Cas. 731). The question here, therefore, is, Can any other inference be fairly and reasonably drawn from the facts but that the negligence of the employee was of a greater degree than the negligence of the company?

I concur in the conclusion of Mr. Justice Bird that it is clearly apparent that no candid and intelligent man could reach any different conclusion but that the negligence of the defendant's engineer was of a lesser degree than the negligence of the plaintiff. The plaintiff was walking on the tracks in the yard, with full knowledge that trains were being operated on the track on which he was walking, in the same direction, and he made no effort to ascertain whether a train was coming. The negligence of the engineer operating the train, under the weather conditions prevailing, was

without question of a lesser degree. I therefore concur in holding that the question in this case should be determined as a matter of law.

MOORE, J., concurred with KUHN, J.

The late Justice MCALVAY took no part in this decision.