PHILIP E. BROWN, J., being absent on account of illness, took no part.

---

## GEORGE B. BROWN v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.[1]

February 9, 1912.

Nos. 17,425—(223).

**Injury to servant — questions for jury.**

The plaintiff, an employee of the defendant railway company, while working on its railway track, was struck and injured by a passing train. Evidence considered, and *held* that it was sufficient to take the case out of the general rule that ordinarily trainmen are not required to give warning of the approach of the train to workmen on the track, and that it made the question of the defendant's negligence and the contributory negligence of the plaintiff one of fact for the jury.

Action in the district court for Ramsey county to recover $30,150 for personal injuries. The case was tried before Brill, J., who, at the close of the trial denied defendant's motion for a directed verdict in its favor, and a jury which returned a verdict in favor of plaintiff

[1] Reported in 134 N. W. 315.

for $4,582. From an order denying defendant's motion for judg-. ment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Morton Barrows,* for appellant.

*Arthur Christofferson* and *C. D. O'Brien,* for respondent.

START, C. J.

On June 20, 1908, the plaintiff was in the employ of the defendant railway company as a day laborer, and while engaged in digging a hole under a railway tie on the defendant's right of way he was struck by a passing train and thereby seriously injured. He brought this action in the district court of the county of Ramsey to recover damages for his injuries, on the alleged ground that the defendant negligently ran its train upon him, while he was absorbed in his work, without ringing the bell or blowing the whistle, or giving any warning of the approach of the train. The defense, in effect, was that the defendant was not negligent in the premises, and that the plaintiff's injury was the result of his own negligence. The defendant, at the close of the evidence, requested the court to direct a verdict in its favor, for the reason that there was no evidence to sustain a finding that it was negligent, and, further, that the evidence conclusively showed that the plaintiff was guilty of contributory negligence. The request was denied, and the cause submitted to the jury, a verdict returned for the plaintiff for $4,582, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or a new trial.

The question whether the evidence was sufficient to sustain a finding that the defendant was negligent depends upon whether there was evidence tending to show such exceptional circumstances as to take the case out of the general rule that ordinarily it is not the duty of trainmen to give notice or warning to workmen on or near the railway track. Schulz v. Chicago, M. & St. P. Ry. Co. 57 Minn. 271, 59 N. W. 192. The general rule and the exceptions were recognized by the trial court, and the case was clearly and concisely submitted to the jury in a manner satisfactory to both parties.

There was evidence tending to show that the plaintiff at the time of the accident was engaged in the work of putting in a switch on the defendant's railway track at a point some three hundred feet west of the defendant's bridge over the St. Croix river; that at a point one hundred one feet west from where the plaintiff was at work there was a signal board, requiring trains to stop at that point, from which there was an unobstructed view toward the west for a mile; that defendant's freight train, about ten minutes before the accident, stopped at the signal board, gave a signal of its approach, the plaintiff stepped aside from the track, and the train safely passed him; that the plaintiff resumed his work, and while absorbed therein, stooping down with his back toward the point from whence the passenger train was approaching, the wind blowing from the southeast, which interfered to some extent with his hearing the train, it came down the grade at a high rate of speed with the steam shut off, without stopping at the signal board or giving any warning of its approach, and struck and injured him; that he did not see or hear its approach; that the engineer and fireman both saw the plaintiff working upon the track at a point some five hundred or six hundred feet from them, but after that the engineer's view of him was cut off by a curve in the track; that he was, however, in view of the fireman until he was struck; and, further, that neither the engineer nor the fireman took any measures to lessen the speed of the train, or to warn the plaintiff, or to avoid the collision until it was too late.

The evidence as to many of these evidentiary facts was radically conflicting, especially as to the failure to ring the bell, or blow the whistle, or give warning of the approach of the train. In making this statement we have, as we must for the purposes of this appeal, taken the most favorable view permissible of the evidence for the plaintiff.

The evidence relevant to the question of the contributory negligence of the plaintiff is substantially as stated, except that on his cross-examination he testified as follows: "Q. What you expected to warn you was sound of some kind? A. Yes, sir; I expected a signal. Q. You relied entirely on your ears to protect you, and not

at all on your eyes? A. Yes, sir. Q. Although there was nothing at all to prevent your looking for three-quarters of a mile up the track? A. It always takes a man quite a little time for to turn around from his work. If I had stood looking up the track half the time, I couldn't have dug the hole. Q. There was nothing to prevent your seeing the train coming for three-quarters of a mile up the track, was there? A. No, sir."

We regard this as a border case, but upon a consideration of the whole evidence we are of the opinion that it was sufficient, if satisfactory to the jury, to sustain the finding of the evidentiary facts stated, and that fair-minded men might well draw therefrom different conclusions as to the defendant's negligence and the contributory negligence of the plaintiff. We accordingly hold that each question was one of fact for the jury, that the defendant was not entitled to an instructed verdict, and that the verdict is sustained by the evidence.

Order affirmed.

BUNN, J., took no part.

PHILIP E. BROWN, J., being absent on account of illness, took no part.